IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-00088-JD |
| | ) |
| GENARO DANIEL | ) |
| RODRIGUEZ-GUERRERO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is a Motion to Continue Jury Trial ("Motion") filed by Defendant Genaro Daniel Rodriguez-Guerrero. [Doc. No. 25]. The Motion requests a 60-day continuance of the trial in this case and an extension of the deadline to file pretrial motions.

For the reasons stated below, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Court GRANTS the Motion.

## BACKGROUND

On April 29, 2021, Rodriguez-Guerrero was arraigned on a four-count indictment filed on April 8, 2021. [Doc. Nos. 17, 19]. Rodriguez-Guerrero entered a plea of not guilty on all counts, and the case was set on the Court's June 8, 2021 trial docket.

The Motion seeks a continuance on the grounds that counsel for defendant has discovered evidence that could aid in establishing a defense and needs additional time to

subpoena this evidence. Motion at 1. Rodriguez-Guerrero consents to the Motion and signed a Waiver of Speedy Trial. [Doc. No. 25-1]. The government does not object to the requested continuance.

## DISCUSSION

The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy-trial calculation any period of delay resulting from a continuance granted by any judge on the judge's own motion or at the request of either or both parties and their counsel if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The Court must "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)). The Speedy Trial Act gives the Court some discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006).

The Court finds that the Motion presents case-specific needs that justify a 60-day continuance and that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The continuance is necessary to allow the defendant and his counsel an opportunity to promptly subpoena and review newly discovered evidence and to conduct any necessary additional actions in light of the material to prepare Rodriguez-Guerrero's defense.

In making these findings, the Court has considered the following factors, among

others:

    (i)      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

    (ii)     Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;

    (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; and

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Based on the showing in the Motion, which is unopposed by the government, the Court finds that failure to grant the requested continuance would deny the defendant's counsel the reasonable time necessary for effective preparation, considering the exercise of due diligence, and that the limited additional delay is necessary for the defendant and his counsel to promptly subpoena new evidence and prepare a proper and adequate defense. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The delay resulting from the requested continuance is excludable under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A)

based on the Court's finding herein that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *See Zedner*, 547 U.S. at 499 (Speedy Trial Act gives the Court discretion to "accommodate limited delays for case-specific needs").[1]

In discharge of its duty to protect the defendant's constitutional rights to a speedy trial under the Sixth Amendment, the Court also considers: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the delay will prejudice the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Analyzing these factors, the Court finds that the reasonable and limited additional delay in bringing this case to trial is justified for the reasons articulated in the Motion.

The Court is aware of no circumstances that would suggest that the limited delay contemplated by this Order will prejudice Rodriguez-Guerrero. To the contrary, he has acknowledged his rights and has requested this delay as being in his best interests. [*See* Doc. No. 25-1]. However, the Court expresses its expectation and confidence that the government and its agents will take no action during this limited delay that would impair the defendant's rights to effective assistance of counsel and to a fair trial. The Court advises the parties of its expectation that counsel will promptly bring to the

---

[1] The Act also excludes delay resulting from the Court's consideration of the Motion. *See* 18 U.S.C. § 3161(h)(1)(D).

Court's attention any actual or impending developments or circumstances that would, as a result of this delay, jeopardize Rodriguez-Guerrero's constitutional or statutory rights.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion and **CONTINUES** the trial of the above-captioned matter (21-CR-00088-JD) to the Court's **August 10, 2021** jury trial docket. The deadline for filing any **pretrial motions** is **CONTINUED** to **July 2, 2021**, and any responses thereto shall be on **July 16, 2021**. This timing will allow the Court to timely review and set any pretrial motions for hearing before the new jury trial date. The Court will separately set this case for a new pretrial conference.

IT IS FURTHER ORDERED that any deadlines for filing motions in limine, proposed voir dire, jury instructions, other pretrial submissions, and any responses thereto will be reset and ordered by the Court closer in time to the new trial date.

IT IS SO ORDERED this 26th day of May 2021.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE